IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NICOLE SANG, on her own behalf and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LAZER SPOT, INC. D/B/A LAZER SPOT,<br><br>Defendant. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**
**(Collective Action Complaint)**

COMES NOW, NICOLE SANG on behalf of herself and other similarly situated employees, by and through the undersigned counsel, and hereby sues the Defendant, LAZER SPOT, INC. D/B/A LAZER SPOT (hereinafter referred to as the "Defendant"), and alleges as follows:

**NATURE OF COMPLAINT**

1.

This is an action by the Plaintiff, on behalf of herself and other similarly situated employees, against her former employer for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA").

1

2.

This is a wage and hour case. Lazer Spot provides "yard management services" to warehouse and distribution companies. It employed Ms. Sang as a "yard driver/yard jockey" at an International Paper facility in Savanah, Georgia from August 2021 through April 14, 2022. Throughout her employment, Lazer Spot has failed to pay Ms. Sang an overtime premium for work she performed in excess of 40 hours during each work week.

3.

Plaintiff seeks damages, reasonable attorney's fees, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

4.

This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

5.

This action is intended to include each and every yard driver/jockey who worked for the Defendant at any time within the past three (3) years nationwide.

## **JURISDICTION AND VENUE**

6.

This Court has subject-matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), and 28 U.S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

7.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Lazer Spot is located in this judicial district; and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## **PARTIES**

8.

Plaintiff Nicole Sang resides within Chatham County, Georgia.

9.

Lazer Spot is a domestic for-profit corporation organized under the laws of the State of Georgia.

10.

Lazer Spot is subject to the personal jurisdiction of this Court.

11.

Lazer Spot employed Plaintiff as a yard driver/jockey from August 2021 through the April 14, 2022.

12.

Lazer Spot may be served with process through its registered agent, Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

## FACTUAL ALLEGATIONS

13.

Plaintiff, and those similarly situated employees, worked as "yard drivers/jockey" for Defendant and performed related activities (i.e. delivering equipment and supplies ordered by Defendant's customers in the vicinity of their base location).

14.

Plaintiff, and those similarly situated employees, worked throughout various states in the United States.

15.

Plaintiff worked in this capacity from approximately August, 2021 through April 14, 2022.

16.

Plaintiff was paid hourly compensation in exchange for work performed without regard to the number of hours actually worked.

17.

Specifically, Plaintiff was paid a $22.00 an hour when she worked on behalf of the Defendant.

18.

Upon information and belief, other similarly situated employees earned a similar hourly rate as the Plaintiff.

19.

Plaintiff routinely worked in excess of forty (40) hours per week as part of their regular job duties.

20.

Plaintiff estimates that she typically worked approximately fifty (50 - 55) hours each week, or ten (10) to (15) hours of overtime.

21.

Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff overtime compensation at a rate of no less than time and one half their regular rate of pay for all hours worked over forty in a workweek.

22.

Yard drivers/jockey (including Plaintiff) were required to report to their designated locations in the morning where they received daily assignments and necessary equipment and orders to be delivered for the day.

23.

Yard drivers/jockey were eligible for overtime provided they worked more than forty (40) hours per week.

24.

Plaintiff did not make deliveries outside the state of Georgia.

25.

Plaintiff did leave Defendant's premises/lot when performing their job duties and making deliveries.

26.

None of Defendant's yard drivers/jockeys made deliveries outside the state of Georgia.

27.

None of Defendant's yard drivers/jockeys did not leave the premises/lot when performing their job duties and making deliveries.

28.

All products delivered by Plaintiff on behalf of the Defendant originated locally.

29.

Throughout 2020, Lazer Spot employed two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

30.

Throughout 2019, Lazer Spot employed two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or

produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

31.

Throughout 2020, Lazer Spot employed two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A) such as phones, computers, trucks, pens, paper, uniforms, parts, etc.

32.

In 2020, Lazer Spot had an annual gross volume of sales made or business done of not less than $500,000.

33.

Throughout the relevant time period, Lazer Spot had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

34.

Throughout the relevant time period, Lazer Spot has been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

35.

Throughout the relevant time period, Plaintiff was "engaged in commerce" as an employee of Lazer Spot within the meaning of FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

36.

At all times relevant from August 2020 through April 14, 2022, Plaintiff was an "employee" of Lazer Spot within the meaning of FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

37.

At all times relevant from August 2020 through April 14, 2022, Lazer Spot was an "employer" of Bethel within the meaning of FLSA § 3(d), 29 U.S.C. §203(d).

## **NON-EXEMPT STATUS**

38.

At all times during the Relevant Time Period, Lazer Spot compensated Plaintiff Nicole Sang on an hourly basis.

39.

Throughout the relevant time period, Plaintiff was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

40.

Throughout the relevant time period, Lazer Spot did not employ Plaintiff in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

41.

Throughout the relevant time period, Lazer Spot did not employ Plaintiff in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

42.

Throughout the relevant time period, Lazer Spot did not employ Plaintiff in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

## **COLLECTIVE ALLEGATIONS**

43.

Plaintiff and the class members performed the same or similar job duties as one another in that they provided local delivery services for Defendant.

44.

Further, Plaintiff and the class members were subjected to the same pay provisions in that they were paid an hourly rate and were not compensated at time-and-one-half their regular rate of pay for hours worked in excess of 40 hours in a workweek.

45.

Plaintiff and the class members all worked more than forty (40) hours per week.

46.

Plaintiff and the class members were not paid overtime compensation for all overtime hours worked.

47.

Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

48.

Defendant's failure to compensate employees for hours worked in excess of forty (40) hours in a workweek as required by the FLSA results from a policy or practice of failure to ensure that local yard drivers/jockeys were paid for all overtime hours worked based on the Defendant's failure to track hours worked by its local delivery drivers, instead paying an hourly rate of pay regardless of the hours worked.

49.

This policy or practice was applicable to Plaintiff and the class members.

50.

Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit, rather, the same policies or

practices which resulted in the non-payment of overtime to Plaintiff apply to all class members.

51.

Accordingly, the class members are properly defined as:

"All yard drivers/jockeys who worked for Lazer Spot nationwide within the within the last three years"

52.

Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

53.

Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c), Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

54.

The United States Department of Labor has informed Defendant that its drivers (including Plaintiff) are/were eligible for overtime compensation.

55.

Defendant did not keep accurate time records pursuant to 29 C.F.R. 216 prior to the investigation.

56.

Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION VERSUS LAZER SPOT

57.

Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-56 above as though fully stated herein.

58.

Plaintiff, Nicole Sang, and those similarly situated to her, worked for Defendant at various times from 2021 to 2022 as yard drivers/jockeys for Defendant.

59.

Throughout Plaintiff's employment, the Defendant repeatedly and willfully violated Section 7 and Section 15 of the FLSA by failing to compensate Plaintiff, and other similarly situated employees, at a rate not less than one and one-half times the regular rate at which they were employed for workweeks longer than forty (40) hours.

60.

Specifically, Plaintiff and those similarly situated employees worked multiple weeks in excess of forty (40) hours a week yet were not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which they were employed.

61.

Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff and others similarly situated to her, are in the possession and custody of Defendant.

62.

Plaintiff, on behalf of herself and other similarly situated employees, demands a trial by jury.

63.

Plaintiff also demands a jury trial.

**WHEREFORE**, Plaintiff on behalf of herself and all other similarly situated employees, demands judgment against Defendant, Lazer Spot, Inc., as follows:

(a) Payment of all overtime hours at one and one-half the regular rate of pay;

(b) liquidated damages and/or interest;

(c) reasonable attorney fees and costs incurred in this action;

(d) conditional certification of a collective action for Plaintiff and the class members;

(e) any and all further relief that this Court determines to be just and appropriate;

(f) Trial by jury as to all issues;

Respectfully submitted the 9th day of August, 2022.

                                                    **THE LEACH FIRM, P.A.**

                                                  /s/*Adeash Lakraj*_____
                                                  Adeash A.J. Lakraj
                                                  GA Bar No. 444848
                                                  Carlos Leach
                                                  GA Bar No. 488443
                                                  631 S. Orlando Ave, Suite 300
                                                  Wells Fargo Building
                                                  Winter Park, FL 32789
                                                  Telephone: 770.728.8478
                                                  Facsimile: 833.423.5864
                                                  Email: alakraj@theleachfirm.com